## Case Information

# KEENE, SHERRY vs. CIGNA HEALTHCARE OF TEXAS, INC.,CIGNA SUPPLEMENTAL BENEFITS,CIGNA GROUP, INC.,HEALTH CARE SERVICE CORPORATION

D-1-GN-26-000938

Location
Travis County - District Clerk

Case Category
Civil - Contract

Case Type
Debt/Contract - Other

Case Filed Date
2/9/2026

Judge
53RD, DISTRICT COURT

Case Status
Open (Open)

## Parties 5

| Type | Name | Nickname/Alias | Attorneys |
|---|---|---|---|
| Plaintiff | SHERRY KEENE | | KATHRYN ELIZABETH YUKEVICH |
| Defendant | CIGNA HEALTHCARE OF TEXAS, INC. | | |
| Defendant | CIGNA SUPPLEMENTAL BENEFITS | | |
| Defendant | CIGNA GROUP, INC. | | |
| Defendant | HEALTH CARE SERVICE CORPORATION | | |

## Events 9

| Date | Event | Type | Comments | Documents |
|---|---|---|---|---|
| 2/9/2026 | Filing | 5050DC | PLAINTIFF'S ORIGINAL PETITION | PLAINTIFF'S ORIGINAL PETITION.pdf |
| 2/12/2026 | Service | Citation | - | - |
| 2/12/2026 | Service | Citation | - | - |
| 2/12/2026 | Service | Citation | - | - |
| 2/12/2026 | Service | Citation | - | - |
| 2/17/2026 | Filing | 4893DC | EXECUTED SERVICE-CITATION CIGNA HEALTHCARE OF TEXAS, INC. | EXECUTED SERVICE-CITATION CIGNA HEALTHCARE OF TEXAS, INC..pdf |
| 2/17/2026 | Filing | 4893DC | EXECUTED SERVICE-CITATION CIGNA SUPPLEMENTAL BENEFITS | EXECUTED SERVICE-CITATION CIGNA SUPPLEMENTAL BENEFITS.pdf |
| 2/25/2026 | Filing | 4893DC | EXECUTED SERVICE-CITATION HEALTH CARE SERVICE CORPORATION | EXECUTED SERVICE-CITATION HEALTH CARE SERVICE CORPORATION.pdf |
| 3/6/2026 | Filing | 4893DC | EXECUTED SERVICE-CITATIION CIGNA GROUP, INC. | EXECUTED SERVICE-CITATIION CIGNA GROUP, INC..pdf |

© 2026 Tyler Technologies, Inc. | All Rights Reserved
Version: 2025.9.2.1876

EMPOWERED BY TYLER TECHNOLOGIES

2/9/2026 2:59 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-26-000938
Ruben Tamez

D-1-GN-26-000938

**CAUSE NO. ____________**

| | | |
|---|---|---|
| **SHERRY KEENE,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CIGNA HEALTHCARE OF TEXAS, INC., CIGNA SUPPLEMENTAL BENEFITS, THE CIGNA GROUP, HEALTH CARE SERVICE CORPORATION,** | § § § § | **TRAVIS COUNTY, TEXAS** <br> 53RD, DISTRICT COURT |
| | § | |
| **Defendants.** | § | **_____ JUDICIAL DISTRICT** |

**<u>PLAINTIFF'S ORIGINAL PETITION</u>**

COMES NOW, Plaintiff Sherry Keene ("Plaintiff"), and files this Original Petition against Defendants Cigna Healthcare of Texas, Inc., Cigna Supplemental Benefits, The Cigna Group, and Health Care Service Corporation (collectively, "Defendants" or "Cigna"), and in support thereof would respectfully show the Court as follows:

## I. DISCOVERY CONTROL PLAN AND RELIEF

1. Pursuant to T.R.C.P. 190.1, discovery will be conducted under Level 2, (T.R.C.P. 190.3).

2. The damages Plaintiff seeks are within the jurisdictional limits of this Court. As required by Texas Rule of Civil Procedure 47(c), Plaintiff states that she seeks monetary relief over $250,000 but no more than $1,000,000.00 for the injuries alleged in the Petition. Plaintiff further seeks any relief in equity to which she is justly entitled.

## II. PARTIES

3. Plaintiff Sherry Keene is an individual residing in Berks County, Pennsylvania. At all relevant times, Plaintiff was employed by Defendants as a Sales Executive and performed



Copy from re:SearchTX

her work remotely from her home in Barto, Pennsylvania in support of Defendants' Texas operations, including operations based in Austin, Texas.

4. Defendant Cigna Healthcare of Texas, Inc. is a corporation doing business in Texas and may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

5. Defendant Cigna Supplemental Benefits is a corporation doing business in Texas with a place of business at 11501 Alterra Parkway, Suite 500, Austin, Texas 78758, and may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6. Defendant The Cigna Group, Inc. is a corporation with a principal place of business at 900 Cottage Grove Road, Bloomfield, Connecticut 06002, and may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

7. Defendant Health Care Service Corporation is a corporation with a principal place of business at 300 East Randolph Street, Chicago, Illinois 60601, and may be served through its registered agent for service of process Corporation Service Company, 26 W Sixth Avenue, Helena, Montana 59624.

8. At all relevant times, Defendants acted as joint employers of Plaintiff and exercised control over the terms, conditions, and privileges of Plaintiff's employment.

## III. JURISDICTION AND VENUE

9. This action is brought to remedy unlawful employment practices, including discrimination based on age and disability, failure to accommodate, retaliation, interference with protected medical leave, and hostile work environment.



Copy from re:SearchTX

10. Damages and other appropriate legal and equitable relief are sought pursuant to the Americans with Disabilities Act of 1990, as amended, the Family and Medical Leave Act of 1993, as amended, the Age Discrimination in Employment Act of 1967, as amended, and the Texas Labor Code §§ 21.051 and 21.055.

11. Both jurisdiction and venue are proper in Travis County, Texas pursuant to the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this cause of action occurred in Travis County, Texas, and because at least one Defendant maintains a principal place of business in this county.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission (TWC) on March 25, 2024. Plaintiff has either received a Notice of Right to Sue from the EEOC or has satisfied all other conditions precedent to the filing of this suit. This action has been timely commenced.

## V. FACTUAL BACKGROUND

13. Plaintiff was hired by Defendants in October 2014 as a Sales Executive. She performed her work remotely from her home in Pennsylvania in support of Defendants' Texas operations.

14. Plaintiff is currently 77 years old and was a highly successful and dedicated employee who consistently exceeded expectations.

15. During her employment with Defendants, Plaintiff was a member of the CSB HOST Team. Plaintiff reported to Zachary Williams, Manager, and Karen Donohue, Sales Manager.

16. In 2015, she received the "Up and Coming Agent" award. Over the course of her



Copy from re:SearchTX

employment, Plaintiff received 47 additional awards for her exceptional performance, including: HOST Producer of the Year (2019), Top Overall Sales (2020), Gold Circle recipient for five consecutive years from 2019 through 2023, and HOST Sales Associate of the Year (2023).

17. Prior to 2023, Plaintiff was the most recognized agent on the HOST Team and was routinely held up in meetings as an example to other employees.

18. In 2023, Defendants issued Plaintiff and other employees over the age of forty a new sales plan for 2024 whereby Plaintiff's approximate annual salary, including commissions, was expected to be half of what Plaintiff earned in 2023 and in prior years. Younger employees were not subjected to similar reductions.

19. In April 2023, Plaintiff informed Mr. Williams that she was suffering from anxiety. As a result, Defendants had notice of Plaintiff's disability. Despite this notice, Mr. Williams, as a person in a position of authority, failed to initiate the interactive process or offer workplace accommodations of any kind.

20. In June 2023, Plaintiff's treating physician diagnosed Plaintiff with an anxiety disorder. Plaintiff's treating physician completed Short Term Disability and FMLA paperwork documenting Plaintiff's medical condition. Defendants approved Plaintiff's FMLA leave for three months.

21. In July 2023, while Plaintiff was on approved FMLA leave, Defendants contacted her and informed her that her leave time would be reduced by one month.

22. On August 15, 2023, Plaintiff suffered a work-related medical incident, specifically a Myocardial Infarction (heart attack), arising from work-related stress. Plaintiff immediately notified Mr. Williams of her condition. Plaintiff's treating physician subsequently documented significant heart damage and advised that her condition was too critical for her to



Copy from re:SearchTX

return to work at that time. Defendants again had notice of Plaintiff's disability but failed to initiate the interactive process or offer reasonable workplace accommodations.

23. Plaintiff's treating physician contacted Defendants to notify them that Plaintiff's condition was too critical for her to return to work and requested that Plaintiff's return-to-work date be extended to October 1, 2023. Defendants approved the extension.

24. Upon Plaintiff's return to work on October 1, 2023, after completing her FMLA leave, the discriminatory and retaliatory treatment intensified. Mr. Williams and Ms. Donohue created distance from Plaintiff, left her without support, and when Plaintiff asked questions, they were slow to respond or did not respond at all.

25. In October 2023, Plaintiff was given a series of training videos to complete on her own. In addition to completing the training videos, she was required to provide daily updates on her progress to management. This took away from her ability to generate leads.

26. From the date of her return and for the remainder of Plaintiff's employment, Mr. Williams and Ms. Donohue kept Plaintiff out of rotation for sales calls and provided her with limited training on changes that had occurred during her leave.

27. Defendants distributed sales calls through a rotational queue. But Defendants—through Mr. Williams and Ms. Donohue—repeatedly removed Plaintiff from that rotational queue, causing her to lose her position and fall to the bottom of the order. On some days, Plaintiff received no sales opportunities at all. Despite multiple requests for assistance from the help desk and her managers, Plaintiff received no meaningful support.

28. Plaintiff and other employees over forty or with disabilities were provided with old, stale leads. By contrast, Defendants' management physically generated fresh daily dispositions for younger and non-disabled sales executives in a comparable role to Plaintiff.



Copy from re:SearchTX

When Plaintiff questioned Mr. Williams and Ms. Donohue about why she was being treated differently, they told her she was on a different team with managers who could set their own rules.

29. Plaintiff was further required to redo completed dispositions for allegedly missing information she had never previously been required to include. She spent days reworking the same leads while being kept off the phones. A coworker later informed Plaintiff that this additional information management instructed her to collect was not mandatory and was not required of other HOST team members.

30. Mr. Williams refused to allow Plaintiff to take sales calls and even refused to let her return calls to clients who called her to enroll. Without the ability to take calls, Plaintiff was precluded from making commission and meeting her goals.

31. In addition to management's systemic refusal to allow her to participate in sales calls and repeated failure to provide her with the sales leads needed to do her job, Plaintiff's work equipment and software applications stopped functioning properly. Prior to 2023, equipment failures were corrected within 24 hours and replacement equipment was overnighted. After returning from FMLA leave, Plaintiff was unable to get a replacement headset for over two weeks and was told to use a speakerphone in violation of HIPAA protocols.

32. On February 12, 2024, Plaintiff submitted a formal written complaint to Human Resources detailing the discriminatory and retaliatory treatment she was experiencing. She received no response despite Defendants' duty to investigate and remedy the situation.

33. On February 14, 2024, management instructed Plaintiff to continue working after she reported experiencing severe nausea, which caused her to panic and exacerbated her disabilities.



Copy from re:SearchTX

34. On February 15, 2024, one day after informing management of her health issues, Defendants issued Plaintiff a verbal warning for allegedly being "unprofessional."

35. Plaintiff experienced similar behavior until she provided notice of her constructive discharge on March 25, 2024.

36. On March 25, 2024, Plaintiff had no reasonable alternative but to provide notice of her constructive discharge. At that time, her emotional, physical, and psychological health had deteriorated to the point that continuing to work under Defendants' toxic and unsafe conditions was untenable.

37. A reasonable person in Plaintiff's position would have felt compelled to resign under these circumstances. Defendants' actions created working conditions so intolerable that Plaintiff was forced to resign, and the constructive discharge occurred mere weeks after her formal complaint of age bias.

38. Throughout this period, younger Sales Executives received full training, were not required to submit daily reports, were not excluded from the call queue, and were permitted to excel without the restrictions and delays imposed on Plaintiff.

39. Plaintiff made multiple requests for assistance and relief regarding her disabilities and age discrimination to Defendants' management, Human Resources personnel, and executives. Defendants failed to remedy any of her concerns.

40. Despite clear notice of Plaintiff's medical conditions and their corresponding legal obligations, Defendants failed to initiate or meaningfully engage in the interactive process or provide reasonable accommodations for Plaintiff's disabilities.



Copy from re:SearchTX

## VI. CAUSES OF ACTION

41. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

### COUNT ONE
### AGE DISCRIMINATION IN VIOLATION OF TEXAS LABOR CODE § 21.051

42. Plaintiff was over the age of forty at all relevant times and was protected under Texas Labor Code § 21.051.

43. Defendants subjected Plaintiff to unlawful discrimination based on her age in violation of Texas Labor Code § 21.051.

44. The discriminatory treatment included, but was not limited to: implementing a new sales plan in 2023 that reduced Plaintiff's expected income by half while younger employees were not subjected to similar reductions; subjecting Plaintiff and other employees over forty to disparate requirements; imposing requirements on Plaintiff that younger employees were not required to meet; keeping Plaintiff out of the sales call rotation while younger employees remained in rotation; and forcing Plaintiff into constructive discharge after she complained about discrimination and retaliation.

45. Defendants treated similarly situated younger employees more favorably than Plaintiff. Younger sales executives and employees in comparable positions to Plaintiff received full training, were not required to submit daily reports or complete dispositions, and had access to sales opportunities that were denied to Plaintiff.

46. Defendants' unlawful conduct created an objectively hostile work environment, altered the terms and conditions of Plaintiff's employment, and culminated in her constructive discharge.



Copy from re:SearchTX

47. Defendants acted intentionally and with reckless disregard for Plaintiff's rights under the Texas Labor Code.

48. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer damages.

## COUNT TWO
## DISABILITY DISCRIMINATION IN VIOLATION OF TEXAS LABOR CODE § 21.051

49. Plaintiff was diagnosed with medical conditions including Myocardial Infarction and Anxiety Disorder, which constitute qualifying disabilities under Texas Labor Code § 21.002(6).

50. Defendants had actual knowledge of Plaintiff's disabilities, as Plaintiff directly communicated her diagnoses to Mr. Williams, Ms. Donohue, and Human Resources personnel.

51. Defendants discriminated against Plaintiff based on her disabilities by subjecting her to adverse treatment upon her return from FMLA leave, including: keeping her out of sales call rotation; imposing burdensome requirements not imposed on non-disabled employees; providing inadequate support; failing to address equipment and technology failures; requiring her to work despite medical symptoms; and issuing a disciplinary warning one day after she reported health issues.

52. Defendants used Plaintiff's disabilities and related medical leave as a basis for adverse employment action, culminating in constructive discharge.

53. Defendants' discriminatory conduct violated Texas Labor Code § 21.051, and as a direct and proximate result, Plaintiff has suffered lost wages, loss of professional opportunities, loss of benefits, emotional distress, and other compensable damages.



Copy from re:SearchTX

**COUNT THREE**
**FAILURE TO ACCOMMODATE IN VIOLATION OF TEXAS LABOR CODE**

54. Plaintiff informed Defendants of her disabilities and need for workplace accommodations.

55. Defendants knew or should have known that Plaintiff had disabilities that required reasonable accommodations in the workplace.

56. Mr. Williams and Ms. Donohue, as persons in positions of authority, had a duty to initiate the interactive process and offer Plaintiff workplace accommodations since they knew or had reason to know that Plaintiff could benefit from such accommodations.

57. Defendants failed to engage in any meaningful interactive process with Plaintiff to determine what reasonable accommodations could be provided.

58. Reasonable accommodations could have included: consistent work hours to allow for proper sleep schedules; functional equipment and technology support; reduced stress-inducing requirements; and modifications to allow Plaintiff to manage her medical conditions while performing her job duties.

59. Defendants' failure to provide reasonable accommodations to Plaintiff, a qualified individual with disabilities, violated Texas Labor Code § 21.105 and caused Plaintiff to suffer damages.

**COUNT FOUR**
**RETALIATION IN VIOLATION OF TEXAS LABOR CODE § 21.055**

60. Plaintiff engaged in protected activity by complaining about age discrimination and requesting accommodations for her disabilities. Specifically, Plaintiff made multiple complaints to Mr. Williams, Ms. Donohue, Human Resources personnel, and executives about the discriminatory treatment she was experiencing.



Copy from re:SearchTX

61. On February 12, 2024, Plaintiff sent a formal written complaint to Human Resources detailing the age bias she experienced, stating: "I worked very hard to be the top agent for several years, Gold Circle 5 years in a row, and the agent my managers always held up as an example. To be forced to watch my ranking freefall simply because I'm HOST and not MAPD, or perhaps because of my age, is demeaning and unacceptable."

62. Defendants responded to Plaintiff's protected activity with escalating retaliatory conduct, including: withdrawing Plaintiff from sales call queues; imposing burdensome requirements not imposed on others; refusing to respond to Plaintiff's complaints; requiring Plaintiff to work despite reported health issues on February 14, 2024; and issuing a verbal warning to Plaintiff on February 15, 2024, one day after she reported health issues and mere weeks after her formal complaint.

63. The close temporal proximity between Plaintiff's protected complaints and the adverse actions demonstrates a causal connection. Plaintiff's constructive discharge occurred mere weeks after her February 12, 2024 formal complaint about age bias.

64. These retaliatory actions were motivated by Plaintiff's protected activity and would dissuade a reasonable employee from making or supporting a charge of discrimination.

65. Defendants' retaliatory conduct violated Texas Labor Code § 21.055 and caused Plaintiff to suffer economic harm, reputational damage, emotional distress, and other consequential injuries.

66. Defendants' actions were intentional, malicious, and taken in reckless disregard for Plaintiff's rights under the Texas Labor Code.

## COUNT FIVE
## INTERFERENCE WITH FMLA RIGHTS IN VIOLATION OF 29 U.S.C. § 2615(a)(1)

67. Plaintiff was an eligible employee under the FMLA, and Defendants were eligible



Copy from re:SearchTX

employers under the FMLA.

68. In June 2023, Plaintiff exercised her right to take FMLA-protected leave for serious health conditions. Defendants initially approved Plaintiff's FMLA leave for three months.

69. In July 2023, while Plaintiff was on approved FMLA leave, Defendants contacted Plaintiff and unilaterally reduced her approved leave time by one month, interfering with her right to take the full amount of leave to which she was entitled.

70. Defendants' reduction of Plaintiff's approved leave while she was actively on FMLA leave constituted interference with Plaintiff's exercise of FMLA rights in violation of 29 U.S.C. § 2615(a)(1).

71. As a direct and proximate result of Defendants' interference, Plaintiff suffered damages including emotional distress and exacerbation of her medical conditions.

**COUNT SIX**
**RETALIATION FOR EXERCISING FMLA RIGHTS**
**IN VIOLATION OF 29 U.S.C. § 2615(a)(2)**

72. Plaintiff exercised her rights under the FMLA by taking approved medical leave from June 2023 through October 1, 2023.

73. Upon Plaintiff's return from FMLA leave, Defendants subjected Plaintiff to adverse employment actions, including: creating distance and withholding support; keeping Plaintiff out of sales call rotation; imposing burdensome training and disposition requirements not imposed on employees who had not taken FMLA leave; denying Plaintiff sales opportunities; and ultimately forcing Plaintiff into constructive discharge.

74. The adverse treatment Plaintiff experienced upon her return from FMLA leave was materially adverse and would dissuade a reasonable employee from exercising FMLA



Copy from re:SearchTX

rights.

75. The timing and nature of the adverse actions demonstrate that Defendants retaliated against Plaintiff for exercising her FMLA rights.

76. Defendants' retaliatory conduct violated 29 U.S.C. § 2615(a)(2) and caused Plaintiff to suffer lost wages, loss of employment benefits, and emotional distress.

77. Defendants' actions were intentional and taken in reckless disregard of Plaintiff's federally protected rights.

**COUNT SEVEN**
**HOSTILE WORK ENVIRONMENT IN VIOLATION OF**
**TEXAS LABOR CODE § 21.051**

78. Plaintiff was subjected to severe and pervasive harassment based on her age and disabilities, which created an abusive and hostile work environment that interfered with Plaintiff's ability to perform her job.

79. The hostile conduct included: systematic exclusion from sales call opportunities; disparate treatment compared to younger and non-disabled employees; imposition of burdensome requirements targeting older and disabled employees; refusal to provide necessary equipment and technology support; withholding of managerial support and responsiveness; disciplining Plaintiff for reporting health issues; and ignoring Plaintiff's multiple complaints about discriminatory treatment.

80. The conduct was so severe and pervasive that a reasonable person in Plaintiff's position would find the work environment hostile and abusive. Plaintiff found her work environment hostile and abusive.

81. Defendants knew or should have known of the hostile work environment and failed to take prompt remedial action, thereby violating Texas Labor Code § 21.051.



Copy from re:SearchTX

82. As a result of Defendants' actions, Plaintiff suffered and continues to suffer damages.

## VII. REMEDIES

83. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and grant relief as follows:

a. Front Pay: An award of front pay for a reasonable period to compensate Plaintiff for lost future earnings and benefits resulting from Defendants' unlawful actions;

b. Back Pay and Benefits: An award of back, including all wages, salary, bonuses, commissions, employment benefits, and other compensation Plaintiff would have received but for Defendants' unlawful conduct, plus interest;

c. Compensatory Damages: For emotional distress, inconvenience, mental anguish, reputational harm, loss of enjoyment of life, and other non-pecuniary losses caused by Defendants' unlawful discrimination, retaliation, interference with protected rights, and hostile work environment in an amount to be determined by the jury;

d. Liquidated Damages: An award of liquidated damages under the FMLA equal to the amount of lost wages and benefits for Defendants' willful violation of the FMLA;

e. Punitive and Exemplary Damages: To deter and punish Defendants' reckless and callous disregard for Plaintiff's protected rights;



Copy from re:SearchTX

f. Attorneys' Fees and Costs: Reasonable attorneys' fees, expenses, and costs, as provided by statute;

g. Pre- and Post-Judgment Interest; and

h. Any other and further relief the Court deems just and proper.

## VIII. JURY TRIAL DEMAND

Plaintiff respectfully requests a trial by jury on all issues of fact and damages presented in this action.

Respectfully Submitted,

**CARTER LAW GROUP, PC**

*/s/ Kathryn "Kassi" Yukevich*
Kathryn Yukevich
Texas Bar No. 24133390
kyukevich@clgtrial.com
351 W. Jefferson Blvd.
Suite 503, LB 11
Dallas, TX 75231
Telephone: (214) 390-4173

**ATTORNEY FOR PLAINTIFF**



Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kyndal Hetmer on behalf of Kassi Yukevich
Bar No. 24133390
khetmer@clgtrial.com
Envelope ID: 111029000
Filing Code Description: Petition
Filing Description: PLAINTIFF'S ORIGINAL PETITION
Status as of 2/11/2026 2:49 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kassi Yukevich | | kyukevich@clgtrial.com | 2/9/2026 2:59:55 PM | NOT SENT |
| Kyndal Hetmer | | khetmer@clgtrial.com | 2/9/2026 2:59:55 PM | NOT SENT |

Copy from re:SearchTX

2/17/2026 4:16 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-26-000938
Nancy Ramirez

CAUSE NO. D-1-GN-26-000938

| | | |
|---|---|---|
| **SHERRY KEENE** | § | **IN THE COURT OF** |
| | § | |
| Plaintiff, | § | |
| **VS.** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **CIGNA HEALTHCARE OF TEXAS, INC., CIGNA SUPPLEMENTAL BENEFITS, THE CIGNA GROUP, HEALTH CARE SERVICE CORPORATION** | § § § | |
| Defendant. | § | **53RD DISTICT COURT** |

## AFFIDAVIT OF SERVICE

"The following came to hand on **Feb 12, 2026, 3:12 pm**,

**CITATION AND PLAINTIFF'S ORIGINAL PETITION,**

and was executed at **1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201** within the county of **DALLAS** at **10:09 AM** on **Tue, Feb 17, 2026**, by delivering a true copy to the within named

**CIGNA HEALTHCARE OF TEXAS, INC. BY DELIVERING TO ITS REGISTERED AGENT, CT CORPORATION SYSTEM, WHERE THE DOUCMENT WAS ACCEPTED BY ALABASTER JOHNSON, INTAKE SPECIALIST**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age, and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is **CRISTI WHITE**, I am at least 18 years old, and my address is **PO Box 130743, Dallas, TX 75313**, and **United States of America**. I declare under penalty of perjury that the foregoing is true and correct.

Executed in **DALLAS** County, State of **TX**, on **February 17, 2026**.

Cristi White

**CRISTI WHITE**
**Certification Number: PSC-22936**
**Certification Expiration: 08/31/2027**

Copy from re:SearchTX

CITATION

THE STATE OF TEXAS

**CAUSE NO. D-1-GN-26-000938**

SHERRY KEENE

, PLAINTIFF(S)

vs.

CIGNA HEALTHCARE OF TEXAS, INC.; CIGNA SUPPLEMENTAL BENEFITS; CIGNA GROUP, INC.; HEALTH CARE SERVICE CORPORATION

, DEFENDANT(S)

TO: **CIGNA HEALTHCARE OF TEXAS, INC.**
**BY SERVING ITS REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET #900**
**DALLAS TX 75201**

Defendant, in the above styled and numbered cause:
**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the **PLAINTIFF'S ORIGINAL PETITION** in the above styled and numbered cause, which was filed on **FEBRUARY 09, 2026** in the **53RD DISTRICT COURT** of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, **FEBRUARY 12, 2026**

REQUESTED BY:
**KATHRYN ELIZABETH YUKEVICH**
**351 W. JEFFERSON BLVD.**
**SUITE 503, LB 11**
**DALLAS, TX 75231**

Velva L Price
Travis County District Clerk
Civil Family Court Facility (CFCF)
1700 Guadalupe Street, P.O. Box 679003 (78767)
Austin TX 78701

**Ruben Tamez, Deputy**

**RETURN**

Came to hand on the _____ day of ________________, ________ at ________ o'clock ____M., and executed at ___________________________________________________ within the County of ______________________ on the _____ day of ________________, ________, at ________ o'clock ____M., by delivering to the within named __________________________________________________________, each in person, a true copy of this citation together with the **PLAINTIFF'S ORIGINAL PETITION** accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ ________

____________________________________________
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

_____ day of ________________, ________.

By:__________________________________________

____________________________________________
Printed Name of Server

______________________________ County, Texas

________________________________________
Notary Public, THE STATE OF TEXAS
**D-1-GN-26-000938**

**SERVICE FEE NOT PAID**

Copy from re:SearchTX

2/17/2026 4:16 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-26-000938
Nancy Ramirez

**CAUSE NO. D-1-GN-26-000938**

| | | |
|---|---|---|
| **SHERRY KEENE** | § | **IN THE COURT OF** |
| | § | |
| Plaintiff, | § | |
| **VS.** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **CIGNA HEALTHCARE OF TEXAS, INC., CIGNA SUPPLEMENTAL BENEFITS, THE CIGNA GROUP, HEALTH CARE SERVICE CORPORATION** | § § § | |
| Defendant. | § | **53RD DISTICT COURT** |

## AFFIDAVIT OF SERVICE

"The following came to hand on **Feb 12, 2026, 3:12 pm**,

**CITATION AND PLAINTIFF'S ORIGINAL PETITION,**

and was executed at **1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201** within the county of **DALLAS** at **10:09 AM** on **Tue, Feb 17, 2026**, by delivering a true copy to the within named

**CIGNA SUPPLEMENTAL BENEFITS BY DELIVERING TO ITS REGISTERED AGENT CT CORPORATION SYSTEM WHERE THE DOCUMENT WAS ACCEPTED BY ALABASTER JOHNSON, INTAKE SPECIALIST**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age, and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is **CRISTI WHITE**, I am at least 18 years old, and my address is **PO Box 130743, Dallas, TX 75313**, and **United States of America**. I declare under penalty of perjury that the foregoing is true and correct.

Executed in **DALLAS** County, State of **TX**, on **February 17, 2026**.

Cristi White

**CRISTI WHITE**
**Certification Number: PSC-22936**
**Certification Expiration: 08/31/2027**

Copy from re:SearchTX

C I T A T I O N

T H E S T A T E O F T E X A S

**CAUSE NO. D-1-GN-26-000938**

SHERRY KEENE

, PLAINTIFF(S)

vs.

CIGNA HEALTHCARE OF TEXAS, INC.; CIGNA SUPPLEMENTAL BENEFITS; CIGNA GROUP, INC.; HEALTH CARE SERVICE CORPORATION

, DEFENDANT(S)

TO: **CIGNA SUPPLEMENTAL BENEFITS**
**BY SERVING ITS REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET #900**
**DALLAS TX 75201**

Defendant, in the above styled and numbered cause:
**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the **PLAINTIFF'S ORIGINAL PETITION** in the above styled and numbered cause, which was filed on **FEBRUARY 09, 2026** in the **53RD DISTRICT COURT** of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, **FEBRUARY 12, 2026**

REQUESTED BY:
**KATHRYN ELIZABETH YUKEVICH**
**351 W. JEFFERSON BLVD.**
**SUITE 503, LB 11**
**DALLAS, TX 75231**

Velva L Price
Travis County District Clerk
Civil Family Court Facility (CFCF)
1700 Guadalupe Street, P.O. Box 679003 (78767)
Austin TX 78701

**Ruben Tamez, Deputy**

**R E T U R N**

Came to hand on the _____ day of ________________, ________ at ________ o'clock ____M., and executed at ______________________________________________ within the County of ____________________ on the _____ day of ________________, ________, at ________ o'clock ____M., by delivering to the within named ____________________________________________________, each in person, a true copy of this citation together with the **PLAINTIFF'S ORIGINAL PETITION** accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ ________

________________________________________
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the
_____ day of ________________, ________.

By:________________________________________

________________________________________
Printed Name of Server

______________________________ County, Texas

____________________________________
Notary Public, THE STATE OF TEXAS
**D-1-GN-26-000938**

**SERVICE FEE NOT PAID**

Copy from re:SearchTX

2/25/2026 1:15 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-26-000938
Nancy Ramirez

# AFFIDAVIT OF SERVICE

| Case: D-1-GN-26-000938 | Court: 53RD DISTICT COURT | County: TRAVIS, TX | Job: 15203294 (D-1-GN-26-000938) |
|---|---|---|---|
| **Plaintiff / Petitioner:** SHERRY KEENE | | **Defendant / Respondent:** CIGNA HEALTHCARE OF TEXAS, INC., CIGNA SUPPLEMENTAL BENEFITS, THE CIGNA GROUP, HEALTH CARE SERVICE CORPORATION | |
| **Received by:** Americas Best Process Service | | **For:** CARTER LAW GROUP | |
| **To be served upon:** HEALTH CARE SERVICE CORPORATION BY DELIVERING TO ITS REGISTERED AGENT CORPORATION SERVICE COMPANY WHERE THE DOCUMENT WAS ACCEPTED BY | | | |

I, CHARLES BULLMAN, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** HEALTH CARE SERVICE CORPORATION BY DELIVERING TO ITS REGISTERED AGENT CORPORATION SERVICE COMPANY WHERE THE DOCUMENT WAS ACCEPTED BY DAMION MARCUM, RESPONSIBLE PARTY, 26 W SIXTH AVE, HELENA, MT 59624

**Manner of Service:** Registered Agent, Feb 24, 2026, 9:31 am

**Documents:** CITATION AND PLAINTIFF'S ORIGINAL PETITION (Received Feb 24, 2026, at 9:39am)

**Additional Comments:**
1) Successful Attempt: Feb 24, 2026, 9:31 am at 26 W SIXTH AVE, HELENA, MT 59624 received by HEALTH CARE SERVICE CORPORATION BY DELIVERING TO ITS REGISTERED AGENT CORPORATION SERVICE COMPANY WHERE THE DOCUMENT WAS ACCEPTED BY DAMION MARCUM, RESPONSIBLE PARTY.

[signature] 2-25-26
CHARLES BULLMAN - #29520 Date

Americas Best Process Service
PO Box 130743
Dallas, TX 75313
214-346-4178

*Subscribed and sworn to before me by the affiant who is personally known to me.*

[signature]
Notary Public

2/25/26
Date Commission Expires

State of MT
County of Lewis + Clark
This instrument was signed or acknowledged
before me on 2/25/26
By Charles Bullman
Notary Signature [signature]

D. LOWRY NOTARIAL SEAL STATE OF MONTANA
D. LOWRY
NOTARY PUBLIC for the
State of Montana
Residing at Helena, Montana
My Commission Expires
October 12, 2026

Copy from re:SearchTX

CITATION

THE STATE OF TEXAS

**CAUSE NO. D-1-GN-26-000938**

SHERRY KEENE

, PLAINTIFF(S)

vs.

CIGNA HEALTHCARE OF TEXAS, INC.; CIGNA SUPPLEMENTAL BENEFITS; CIGNA GROUP, INC.; HEALTH CARE SERVICE CORPORATION

, DEFENDANT(S)

TO: **HEALTH CARE SERVICE CORPORATION**
**BY SERVING ITS REGISTERED AGENT**
**CORPORATION SERVICE COMPANY**
**26 W SIXTH AVE**
**HELENA MT 59624**

Defendant, in the above styled and numbered cause:
**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the **PLAINTIFF'S ORIGINAL PETITION** in the above styled and numbered cause, which was filed on **FEBRUARY 09, 2026** in the **53RD DISTRICT COURT** of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, **FEBRUARY 12, 2026**

REQUESTED BY:
**KATHRYN ELIZABETH YUKEVICH**
**351 W. JEFFERSON BLVD.**
**SUITE 503, LB 11**
**DALLAS, TX 75231**

Velva L Price
Travis County District Clerk
Civil Family Court Facility (CFCF)
1700 Guadalupe Street, P.O. Box 679003 (78767)
Austin TX 78701

**Ruben Tamez, Deputy**

RETURN

Came to hand on the _____ day of ________________, ________ at ________ o'clock ____M., and executed at _______________________________________________ within the County of ____________________ on the _____ day of ________________, ________, at ________ o'clock ____M., by delivering to the within named _____________________________________________________, each in person, a true copy of this citation together with the **PLAINTIFF'S ORIGINAL PETITION** accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ ________

________________________________________
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the
_____ day of ________________, ________.

By:________________________________________

________________________________________
Printed Name of Server

______________________________ County, Texas

________________________________________
Notary Public, THE STATE OF TEXAS
**D-1-GN-26-000938**

**SERVICE FEE NOT PAID**

Copy from re:SearchTX

3/6/2026 3:17 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-26-000938
Nancy Ramirez

# AFFIDAVIT OF SERVICE

| | | | |
|---|---|---|---|
| **Case:**<br>D-1-GN-26-000938 | **Court:**<br>53RD DISTICT COURT | **County:**<br>TRAVIS, TX | **Job:**<br>15203250 (D-1-GN-26-000938) |
| **Plaintiff / Petitioner:**<br>SHERRY KEENE | | **Defendant / Respondent:**<br>CIGNA HEALTHCARE OF TEXAS, INC., CIGNA SUPPLEMENTAL BENEFITS, THE CIGNA GROUP, HEALTH CARE SERVICE CORPORATION | |
| **Received by:**<br>Americas Best Process Service | | **For:**<br>CARTER LAW GROUP | |
| **To be served upon:**<br>CIGNA GROUP, INC. BY DELIVERING TO ITS REGISTERED AGENT CT CORPORATION SYSTEM | | | |

I, JASON DOUGLAS, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** CIGNA GROUP, INC. BY DELIVERING TO ITS REGISTERED AGENT CT CORPORATION SYSTEM WHERE THE DOCUMENT WAS ACCEPTED BY MARISSA TITUS, MANAGING AGENT, 357 EAST CENTER ST, SUITE 2J, MANCHESTER, CT 06040

**Manner of Service:** Registered Agent, Mar 6, 2026, 10:03 am

**Documents:** CITATION AND PLAINTIFF'S ORIGINAL PETITION (Received Mar 6, 2026, at 6:41am)

**Additional Comments:**

1) Successful Attempt: Mar 6, 2026, 10:03 am at 357 EAST CENTER ST, SUITE 2J, MANCHESTER, CT 06040 received by CIGNA GROUP, INC. BY DELIVERING TO ITS REGISTERED AGENT CT CORPORATION SYSTEM WHERE THE DOCUMENT WAS ACCEPTED BY MARISSA TITUS, MANAGING AGENT.

[signature] 3/6/26

JASON DOUGLAS - PROCESS SERVER    Date

Americas Best Process Service
PO Box 130743
Dallas, TX 75313
214-346-4178

*Subscribed and sworn to before me by the affiant who is personally known to me.*

Melissa B Campbell [signature]

**Notary Public**

3/6/26    6/30/28

**Date**    **Commission Expires**

Melissa B Campbell
NOTARY PUBLIC
State of Connecticut
My Commission Expires 6/30/2028

Copy from re:SearchTX

CITATION

THE STATE OF TEXAS

**CAUSE NO. D-1-GN-26-000938**

SHERRY KEENE

, PLAINTIFF(S)

vs.

CIGNA HEALTHCARE OF TEXAS, INC.; CIGNA SUPPLEMENTAL BENEFITS; CIGNA GROUP, INC.; HEALTH CARE SERVICE CORPORATION , DEFENDANT(S)

TO: **CIGNA GROUP, INC.**
**BY SERVING ITS REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET #900**
**DALLAS TX 75201**

Defendant, in the above styled and numbered cause:
**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the **PLAINTIFF'S ORIGINAL PETITION** in the above styled and numbered cause, which was filed on **FEBRUARY 09, 2026** in the **53RD DISTRICT COURT** of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, **FEBRUARY 12, 2026**

REQUESTED BY:
**KATHRYN ELIZABETH YUKEVICH**
**351 W. JEFFERSON BLVD.**
**SUITE 503, LB 11**
**DALLAS, TX 75231**

Velva L Price
Travis County District Clerk
Civil Family Court Facility (CFCF)
1700 Guadalupe Street, P.O. Box 679003 (78767)
Austin TX 78701

**Ruben Tamez, Deputy**

**RETURN**

Came to hand on the _____ day of ________________, ________ at ________ o'clock ____M., and executed at ___________________________________________________ within the County of ______________________ on the _____ day of ________________, ________, at ________ o'clock ____M., by delivering to the within named __________________________________________________________, each in person, a true copy of this citation together with the **PLAINTIFF'S ORIGINAL PETITION** accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ ________

____________________________________________
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

_____ day of ________________, ________.

By:_________________________________________

____________________________________________
Printed Name of Server

______________________________ County, Texas

________________________________________
Notary Public, THE STATE OF TEXAS
**D-1-GN-26-000938**

**SERVICE FEE NOT PAID**

Copy from re:SearchTX